Cook *vs.* Murphy, *Admr. of* Richardson,—*December*, 1835.

The mere fact of a complainant, not availing himself by way of set-off, of a legal claim, which he had against a plaintiff obtaining a judgment at law against him, forms of itself no ground for the interference of a court of equity to suspend the execution of such judgment.

Appeal from the court of chancery.

On the 19th of October, 1827, the appellant exhibited his bill in the court of chancery against *Richardson* in his life time, alleging that he had obtained a judgment against the complainant in *Montgomery* county court, for a much larger sum than was really due, in consequence of the absence of a witness, by whom he, the complainant, would have been able to establish a considerable set-off.  That upon a fair adjustment of the account, he believed but a very small sum if any thing, would be found due the defendant, and praying that an account might be taken between them, and for general relief.

*Richardson* in his answer stated that the complainant had every opportunity of proving his set-off in the county court, and denied the justice of his whole claim.

In this state of the case, a commission issued to take testimony, but while it was outstanding, *Richardson* died.

A bill of revivor was then filed against the appellee, and in consequence of his omitting to answer according to the course of the court, an interlocutory decree was obtained against him, and an *ex parte* commission issued to prove the allegations of the complainant's bill.   After the return of this commission, the chancellor upon petition, permitted the appellee to answer; and thereupon, without further proceedings, the case being set down for hearing by the complainant the chancellor (*Bland*) dismissed his bill with costs.

From this decree the complainant appealed to the court of appeals.

The cause was argued before Buchanan, Ch. J. and

STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, Judges.

BOYLE for the appellant.

1. The complainant upon the general equity of his bill was entitled to relief. 2 *Equity cases, Abr.* 10.

2. The defendant cannot avail himself of the judgment at law, not having pleaded or relied on the same as a bar to the relief sought by the complainant. *Mitf. Pl.* 255, 256. *Jeremy, Ev.* 492.

BREWER for the appellee.

The complainant should have availed himself of his set-off at law, and having omitted to do so, is precluded from relief in this court. This objection need not be formally presented by way of plea, but may be taken at the hearing. The objection goes to the jurisdiction of the court, the object of the bill being to get the benefit of a legal set-off, which is peculiarly within the jurisdiction of a court of law. 3 *Mad. Rep.* 202. 1 *Mad. Ch. Pr.* 86. 87. 6 *Ves.* 136. 1 *Johns. Ch. R.* 49. 2 *Ib.* 169.

DORSEY, Judge, delivered the opinion of the court.

The complainant having submitted his cause to the chancellor for final hearing, has no reason to complain that his bill has been dismissed. It stated no claim to equitable relief, which gave him any standing in a court of chancery. By his own showing his remedy at law was complete, and there he should be left to pursue it. The mere fact of a complainant not availing himself by way of set-off, of a legal claim which he had against a plaintiff obtaining a judgment at law against him, forms of itself no ground for the interference of a court of equity to suspend the execution of such judgment.

DECREE AFFIRMED WITH COSTS.